**AFFIRMED; Opinion Filed March 20, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-00836-CV

**JOHN REEDER, Appellant**
**V.**
**BILLIE BREWER CURRY, INDIVIDUALLY AND AS SUCCESSOR TO W.C. BREWER, DECEASED, AND TRINITY MATERIALS, INC., Appellees**

**On Appeal from the 86th District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 66-738-86**

## OPINION

Before Justices FitzGerald, Francis, and Myers
Opinion by Justice Myers

On the Court's own motion, we withdraw the opinion and vacate the judgment of December 31, 2013. The following is now the opinion of this Court.

John Reeder appeals the summary judgment that he take nothing on his claims against Billie Brewer Curry, individually and as successor to W.C. Brewer, Deceased, and Trinity Materials, Inc. Reeder brings six issues asserting the trial court erred by granting appellees' motion for summary judgment and by failing to grant a continuance of the summary judgment hearing. We affirm the trial court's judgment.

# BACKGROUND

In 1995, Reeder and Curry executed a contract for deed[1] in which Curry and her father purported to sell Reeder 608.48 acres.[2] Reeder agreed to make monthly payments to Curry for fifteen years. In 2001, Curry borrowed money from American National Bank and assigned the contract for deed to the bank. The bank instructed Reeder to make the monthly payments to it. In 2004, the IRS issued levy notices against Curry and instructed Reeder to pay the IRS any amounts he owed to Curry. According to Reeder, the confusion over whether he owed the monthly payment to the bank or to the IRS caused him to miss at least one payment. Curry declared Reeder in default under the contract for deed, declared the property forfeited, and stated she was keeping all the payments to that point as liquidated damages pursuant to the contract. Curry then sold the property to Trinity Materials and paid her debt to the bank. Reeder tried to send payments to the bank and Curry, but they both returned the payments stating they no longer had any interest in the property.

Reeder brought suit against Curry and Trinity for several causes of action, including specific performance and damages for breach of the contract for deed, trespass, fraud, tortious interference with contract, and for injunctive relief. Curry and Trinity moved for summary judgment on Reeder's claims, which the trial court granted. Reeder appealed, and this Court reversed the summary judgment, concluding "a genuine issue of material fact exists on whether Reeder's failure to make the payments for September and October was reasonable in light of the circumstances." *Reeder*, 294 S.W.3d at 858. We remanded the case to the trial court for further proceedings. *Id.* at 862.

---

[1] Curry and Reeder also executed an earnest money real estate contract for the property, but they never closed on that contract. None of the parties' arguments concern that contract.

[2] The background facts are set out in greater detail in this Court's opinion from the first appeal of this case, *Reeder v. Curry*, 291 S.W.3d 851, 853–55 (Tex. App.—Dallas 2009, pet. denied).

Back in the trial court, Curry and Trinity moved for summary judgment on Reeder's claims on the ground that the property description in the contract for deed was insufficient under the statute of frauds and no contract formed between Reeder and Curry. Reeder filed a motion to continue the summary judgment hearing while he conducted discovery and determined whether to bring an action to reform the contract to provide a sufficient description of the property. The trial court denied Reeder's motion for continuance and granted Curry and Trinity's motion for summary judgment, rendering judgment that Reeder take nothing on his claims.

## MOTION FOR CONTINUANCE

In his sixth issue, Reeder contends the trial court erred by denying his motion for continuance of the summary judgment hearing. We review a trial court's decision to grant or deny a party additional time for discovery before a summary judgment hearing for an abuse of discretion. *Cooper v. Circle Ten Council Boy Scouts of Am.*, 254 S.W.3d 689, 696 (Tex. App.—Dallas 2008, no pet.). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). In considering whether the trial court abused its discretion, we consider such factors as the length of time the case had been on file before the hearing, the materiality of the discovery sought, whether the party seeking the continuance exercised due diligence in obtaining the discovery, and what the party expected to prove. *Cooper*, 254 S.W.3d at 696.

In the motion, Reeder stated he needed to take the deposition of a surveyor, Greg Sjerven. Sjerven stated in his affidavit that he could not do a survey of the property based on the property description in the contract for deed, yet Reeder stated Sjerven did a survey of the land in 2006. Reeder also stated he needed to take Curry's deposition because she stated in an affidavit that when she signed the contract for deed, she did not know what land she conveyed. Reeder also stated that further discovery was necessary to determine if the contract for deed was supposed to

be for all the property Curry owned in those surveys, because if it was, then the property description was adequate.  Reeder also stated that Curry used the same property description in the affidavit of forfeiture of the property.  Reeder also stated in the motion that he wanted time to bring an action for reformation of the contract before the trial court heard the motion for summary judgment.

In this case, Reeder filed suit on November 30, 2004 and moved for continuance of the summary judgment hearing and modification of the scheduling order on March 26, 2012, over seven years later.  More than one and one-half years had passed between this Court's mandate remanding the case for further proceedings and the motion for continuance.  Trinity had raised the defense of the statute of frauds in its first amended answer filed in July 2005.  In January 2011, over a year before the summary judgment motion, Trinity and Curry filed special exceptions to Reeder's fourth amended petition complaining that the property description in the petition, which was the same as the description in the deed, "utterly fails to identify the property as required by Texas R. Civ. P. 783."  The trial court granted the special exception, giving Reeder fourteen days to replead using a metes-and-bounds description, but Reeder's subsequent amended petitions referred only to the contract for deed and did not provide a metes-and-bounds description.

The record also shows Reeder deposed Curry on February 3, 2012 and Sjerven on April 5, 2012.  Although Curry's deposition occurred before appellees filed their motion for summary judgment asserting the inadequacy of the property description, Sjerven's deposition was after the filing of the motion for summary judgment and one week before the April 12 summary judgment hearing.  Reeder does not explain why Sjerven's April 5, 2012 deposition did not provide Reeder the information he needed.

Reeder did not explain in his motion for continuance why the property description would be sufficient if it was for all the property Curry owned in each survey. Nor did he cite any authority in support of this assertion. In his brief on appeal, Reeder states additional discovery was necessary to determine whether Curry owned any other property in the county other than the acres in the property description, and he stated that this information "would be relevant to determining the sufficiency of the property description and as a result for responding to the motion for summary judgment." Reeder does not explain why whether Reeder owned additional property was relevant to the sufficiency of the property description, and he cited no authority in support of this assertion. The rules of appellate procedure require that a party present argument and cite authority in support of the contentions made in the brief. TEX. R. APP. P. 38.1(i). Because Reeder cited no authority and presented no argument beyond the conclusion that the information was relevant, we conclude Reeder has not properly briefed this assertion.

Reeder also asserts that if a contract for real property does not sufficiently describe the property, the plaintiff can request an opportunity to plead for reformation of the contract. However, Reeder did not request leave to amend his petition to allege a cause of action for reformation of the contract.

Relying on *Morrow v. Shotwell*, 477 S.W.2d 538 (Tex. 1972), Reeder argues that the trial court abused its discretion by denying a continuance of the summary judgment hearing until Reeder could conduct additional discovery and then decide whether to allege and prosecute an action for reformation of the contract. In *Morrow*, Morrow, a purchaser of real property sued Shotwell, the seller, for specific performance of a contract to sell two tracts of land. *Id.* at 539. The court of civil appeals concluded the property description in the contract was insufficient for one of the tracts and rendered judgment for the seller as to that tract. *See Shotwell v. Morrow*, 461 S.W.2d 527, 527 (Tex. Civ. App.—Eastland 1970), *rev'd*, 477 S.W.2d 538 (Tex. 1972). The

–5–

supreme court agreed with the court of civil appeals that the property description was inadequate because the contract provided "no means or data by which the tract may be identified." *Morrow*, 477 S.W.2d at 539–40. The supreme court stated that the insufficient property description would ordinarily lead to an affirmance of the lower court. The supreme court then stated,

> There is in the record strong evidence that the parties intended to describe a particular and identified tract of 12.375 acres in their contract, and that they were mutually mistaken in the belief that the description used was legally sufficient for that purpose. If that be a fact, Morrow would have been able entitled to reformation of the contract had he sought it. It thus appears that Morrow may have tried his case on a wrong theory.

*Id.* at 541 (citations omitted). The court stated it had authority under the rules of procedure to remand a case instead of affirming or rendering when it appeared to the court "that the justice of the case demands another trial." *Id.* (quoting TEX. R. CIV. P. 505 (repealed 1986; current rule at TEX. R. APP. P. 60.3)). The court then observed that it had often remanded instead of rendering judgment "when a case was tried on the wrong theory and it appeared to us that the justice of the case demanded another trial." *Id.* The court stated that the rules of procedure and the court's precedents provided it with "an independent discretion to order a remand in the interest of justice after appellate reversal of a trial court judgment." *Id.* at 542. The court then reversed the judgments of the lower courts and "remanded to the trial court so that Morrow may, if he wishes, amend his pleadings and try his case on a different theory." *Id.*

*Morrow* concerned the discretion of the supreme court to remand a case in the interest of justice. It did not concern a trial court's discretion to deny a motion for continuance. Nothing in the decision indicates the supreme court would have concluded that a trial court's denial of a motion for continuance in that situation would have been an abuse of discretion. The court in *Morrow* did not even conclude that the court of civil appeals had abused its discretion by rendering a take-nothing judgment instead of remanding to the trial court under its own authority to remand in the interest of justice. *See id.* (stating that both the court of civil appeals and

–6–

supreme court have discretion to remand in the interest of justice).  *Morrow* did not purport to create a requirement that a trial court must grant a motion for continuance in this situation.

In this case, it is clear that Reeder had not yet filed a suit for reformation when he filed his motion for continuance.  This was over sixteen years after he signed the contract for deed with its defective property description, over five years since Trinity alleged the statute of frauds, and over a year since Trinity and Curry specially excepted to the property description as failing to identify the property.  The trial court could have concluded that the length of these substantive and procedural delays weighed against granting the continuance.  In light of this evidence, including the length of time the case had been on file and the length of time the trial court could have believed Reeder should have been aware of the inadequacy of the property description, we conclude Reeder has not shown the trial court abused its discretion by denying the motion for continuance of the summary judgment hearing.  We overrule Reeder's sixth issue.

## SUMMARY JUDGMENT

Reeder's remaining issues contend the trial court erred by granting appellees' motion for summary judgment.  The standard for reviewing a traditional summary judgment is well established.  *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985); *McAfee, Inc. v. Agilysys, Inc.*, 316 S.W.3d 820, 825 (Tex. App.—Dallas 2010, no pet.).  The movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.  TEX. R. CIV. P. 166a(c).  In deciding whether a disputed material fact issue exists precluding summary judgment, evidence favorable to the nonmovant will be taken as true.  *Nixon*, 690 S.W.2d at 549; *Yost v. Jered Custom Homes*, 399 S.W.3d 653, 659 (Tex. App.—Dallas 2013, no pet.); *In re Estate of Berry*, 280 S.W.3d 478, 480 (Tex. App.—Dallas 2009, no pet.).  Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor.  *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005).

–7–

We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp.*, 12 S.W.3d 172, 175 (Tex. App.—Dallas 2000, pet. denied).

The nonmovant must present summary judgment proof when necessary to show a fact issue. *City of Hous. v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). The nonmovant must expressly present to the trial court in a written answer or response to the motion those issues that would defeat the movant's right to summary judgment and failing to do so, may not assign them on appeal as error. TEX. R. CIV. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."); *City of Hous.*, 589 S.W.2d at 678.

### ADEQUACY OF THE PROPERTY DESCRIPTION

In his first issue, Reeder contends the trial court erred by granting appellees' motion for summary judgment because the property description in the contract for deed sufficiently identified the property.

To comply with the statute of frauds, a property conveyance "must be in writing and must be subscribed and delivered by the conveyor or by the conveyor's agent authorized in writing." TEX. PROP. CODE ANN. § 5.021 (West 2004). Additionally,

> [t]o be valid, a conveyance of real property must contain a sufficient description of the property to be conveyed. A property description is sufficient if the writing furnishes within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty.

*AIC Mgmt. v. Crews*, 246 S.W.3d 640, 645 (Tex. 2008). A "conveyance of property . . . which fails to describe a definite tract of land is void." *Id.* The writing does not have to list metes and bounds to be enforceable, but it must provide the necessary information to identify the property with reasonable certainty. *May v. Buck*, 375 S.W.3d 568, 574 (Tex. App.—Dallas 2012, no pet.).

–8–

An unidentifiable portion of a larger, identifiable tract is not sufficient to satisfy the statute of frauds. *Id.* at 574–75. "The legal description in the conveyance must not only furnish enough information to locate the general area as in identifying it by tract survey and county, it need contain information regarding the size, shape, and boundaries." *Id.* at 575 (quoting *Reiland v. Patrick Thomas Props., Inc.*, 213 S.W.3d 431, 437 (Tex. App.—Houston [1st Dist.] 2006, pet. denied)). "Even when 'the record leaves little doubt that the parties knew and understood what property was intended to be conveyed, . . . the knowledge and intent of the parties will not give validity to the contract and neither will a plat made from extrinsic evidence.'" *Reiland*, 213 S.W.3d at 437 (quoting *Morrow v. Shotwell*, 477 S.W.2d 538, 540 (Tex. 1972)).

The contract for deed described the property to be sold as follows:

28.71 acres in the W. A. Carter Survey Abstract 95
226.92 acres in the J.M. Carter Survey Abstract 95
203.75 acres in the J. Beck Survey Abstract A-37
149.1 acres in the M. J. Love Survey Abstract 295

The property description gave no metes and bounds or other description of the property to be conveyed from each survey, and it did not "contain information regarding the . . . shape and boundaries."

Appellees relied on Sjerven's testimony in support of their summary judgment ground that the property description was inadequate. Sjerven testified in his affidavit that "there is no W.A. Carter Survey Abstract No. 95 in Kaufman County, Texas." He also testified that each of the other surveys contained more acreage than was included in the contract for deed, and that that there was no way to determine from the contract for deed which part of each survey was included in the transaction or whether there was only one parcel or many. He stated, "Without more information than is provided in the contract for deed, it would be impossible for me to survey or to specifically identify the land that the contract for deed is intended to cover."

Reeder argues the property description is adequate because Curry used a nearly identical property description in the affidavit of forfeiture declaring Reeder had forfeited the property for breaching the contract for deed.[3]  However, the fact that Curry may have used the same or similar property description in another document is no evidence of whether the property may be identified with reasonable certitude.

Reeder also argues the property description was adequate because "Sjerven prepared a survey of the Property for the benefit of John Reeder on February 24, 2006."  In support of this statement, Reeder cites what he states is a copy of the survey, but nothing on the survey shows it is based on the property description in the contract for deed.  The only property on the survey attributed to Reeder is three tracts in the "J. Carter Sur. A-95,"  two for 64.673 acres and one for 43.830 acres, which total 173.176 acres, far less than the 226.92 acres listed on the property description for the "J.M. Carter Survey Abstract 95."  The copy of Sjerven's survey in the appellate record does not appear to show any other tracts owned by Reeder.  The acreage listed in Sjerven's survey for each of the different abstracts greatly exceeds the acreage listed in the contract for deed's property description.  Sjerven's survey does not show the property listed in the property description may be identified with reasonable certainty.

We conclude as a matter of law that the property description in the contract for deed is inadequate because it does not provide "the means or data by which the particular land to be conveyed may be identified with reasonable certainty."  *AIC Mgmt.*, 246 S.W.3d at 645.  We overrule Reeder's first issue.

---

[3] In the affidavit of forfeiture of contract for deed, Curry changed the third listing to "the J. Black Survey Abstract A-37" instead of the "J. Beck Survey Abstract A-37."

**PERFORMANCE AS EXCEPTION TO STATUTE OF FRAUDS**

In his second issue, Reeder contends that even if the property description is inadequate, the statute of frauds does not apply because there was partial performance of the contract. To establish partial performance of a contract for the sale of real estate as an exception to the statute of frauds, the plaintiff must prove it (1) paid consideration, (2) took possession of the land, and (3) made permanent and valuable improvements to the land with the defendant's consent or, if no improvements were made, that other factors would make the transaction fraudulent if it were not enforced. *Boyert v. Tauber*, 834 S.W.2d 60, 63 (Tex. 1992) (elements to take oral contract for transfer of real estate out of statute of frauds).

In his response to the motion for summary judgment, Reeder stated "that today he has fully performed 100% of the financial obligation by paying the $650,000.00 according to the terms of the contract either to Mrs. Curry and/or to the registry of the court." However, Reeder did not state in his response that he made any improvements to the land, he did not identify in the response what "permanent and valuable improvements" he made to the land, nor did he identify any "other factors" that "would make the transaction fraudulent if it were not enforced. We conclude Reeder's response to the motion for summary judgment did not expressly present the performance exception to the statute of frauds. *See City of Hous.*, 589 S.W.2d at 678. Accordingly, it "shall not be considered on appeal as a ground for reversal." TEX. R. CIV. P. 166a(c).

Reeder also argues that the statute of frauds is not enforced when to do so would amount to a virtual fraud by causing a substantial detriment to one party and an unearned benefit to the other party. *See, e.g.*, *Exxon Corp. v. Breezevale, Ltd.*, 82 S.W.3d 429, 439 (Tex. App.—Dallas 2002, pet. denied); *Carmack v. Beltway Dev. Co.*, 701 S.W.2d 37, 40 (Tex. App.—Dallas 1985, no writ). However, Reeder did not present this argument in his response to the motion for

summary judgment. Accordingly, we may not reverse on that ground. *See* TEX. R. APP. P. 166a(c); *City of Hous.*, 589 S.W.2d at 678. We overrule Reeder's second issue.

## ESTOPPEL

In his third issue, Reeder contends appellees are estopped from asserting the insufficiency of the property description under the doctrines of quasi-estoppel, judicial estoppel, and estoppel by contract. Reeder's response to the motion for summary judgment did not mention or present these legal doctrines. Reeder argues the estoppel doctrines were presented in the response because he stated in the response, "The Plaintiff [Reeder] incorporates by reference John Reeder's response in opposition to the motions for summary judgment filed by the Defendant, Trinity Materials, Inc., Volume[s] 1 through 4 the same as if they are fully set forth."

This four-volume document was Reeder's 128-page response filed in April 2006 with over seven hundred pages of attachments. That response concerned appellees' motion for summary judgment asserting Curry was entitled as a matter of law to enforce the forfeiture provision of the contract for deed; that Reeder, as a matter of law, was barred by limitations and laches from enforcing the earnest money contract; and other issues. *See Reeder*, 294 S.W.3d at 855–862. The statute of frauds and the sufficiency of the property description were not raised in that summary judgment proceeding. *See id.* The trial court was not required to sift through Reeder's lengthy 2006 response to find arguments that might apply to defeat appellees' current motion for summary judgment. We conclude Reeder's estoppel arguments were not "expressly presented to the trial court" as required by rule 166a(c). *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 342–43 (Tex. 1993) (grounds for summary judgment or issues defeating summary judgment must be presented in the motion or response itself and not in a separate document). We overrule Reeder's third issue.

**LAW OF THE CASE**

In his fifth issue, Reeder asserts the law of the case doctrine "preclude[s] yet another summary judgment concerning whether there was sufficient evidence of breach of contract." Reeder argues that this Court's 2009 opinion is "law of the case" that there was a fact issue about whether Curry breached the contract for deed by declaring the property forfeited. Reeder did not raise or discuss the doctrine of law of the case in his response to the motion for summary judgment. Because he did not expressly present law of the case in his response to the motion for summary judgment, it "shall not be considered on appeal as grounds for reversal." TEX. R. CIV. P. 166a(c); *see West v. Northstar Fin. Corp.*, No. 02-08-00447-CV, 2010 WL 851415, *10 (Tex. App.—Fort Worth Mar. 11, 2010, pet. denied) (mem. op.). We overrule Reeder's fifth issue.

**CONCLUSION**

We conclude Reeder has not shown the trial court erred by granting appellees' traditional motion for summary judgment asserting the contract for deed was void and unenforceable due to the inadequate property description. Accordingly, we need not address Reeder's fourth issue contending the trial court erred by granting appellees' no-evidence motion for summary judgment concerning mutuality of obligation, damages, performance under the contract for deed, and breach by Curry. *See* TEX. R. APP. P. 47.1 (opinion must address every issue necessary to final disposition of the appeal).

We affirm the trial court's judgment.

/Lana Myers/

LANA MYERS
JUSTICE

120836F.P05

–13–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

John Reeder, Appellant

No. 05-12-00836-CV          V.

Billie Brewer Curry, Individually and as
Successor to W.C. Brewer, Deceased, and
Trinity Materials, Inc., Appellees

On Appeal from the 86th District Court,
Kaufman County, Texas
Trial Court Cause No. 66-738-86.
Opinion delivered by Justice Myers.
Justices FitzGerald and Francis participating.

We **VACATE** this Court's judgment of December 31, 2013. The following is now the judgment of this Court.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees Billie Brewer Curry, Individually and as Successor to W.C. Brewer, Deceased, and Trinity Materials, Inc. recover their costs of this appeal from appellant John Reeder.

Judgment entered this 20th day of March, 2014.

/Lana Myers/
LANA MYERS
JUSTICE

–14–