**Affirmed and Memorandum Opinion filed July 9, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00185-CV

## CYRIL J. SMITH, JR., Appellant

## V.

## SAIHAT CORPORATION, Appellee

**On Appeal from the 152nd District Court
Harris County, Texas
Trial Court Cause No. 2011-09044**

## M E M O R A N D U M   O P I N I O N

Appellant Cyril J. Smith, Jr. sued appellee Saihat Corporation to declare invalid two deeds that conveyed property to Saihat. The trial court ordered that Smith take nothing on his claims against Saihat and declared that Saihat was the owner of the property. We affirm.

### BACKGROUND

This case involves a dispute over title to an interest in a tract of real property

located in Harris County, Texas, containing approximately 330 acres (the Property).[1]

The Property was originally owned by Smith's father, Cyril Smith, Sr. In 1981, Smith had a business called Ware-Con, which took out vehicle and equipment leases from Leasing Associates. On May 4, 1982, Smith, Sr. himself executed a deed of trust (Deed of Trust) on the Property to secure the leases. Smith, Sr. died later that year and Ware-Con failed to pay the leases. A probate proceeding was initiated and Barbara Christley, Smith, Sr.'s daughter and Smith's sister, was appointed to be the Independent Executrix of the Estate of Smith, Sr. (the Estate).

Christley filed a lawsuit on behalf of the Estate against Leasing Associates and Smith, seeking to invalidate the Deed of Trust, among other claims. When the case was appealed, the court held that Christley "shall take nothing in her action to declare the deed of trust and lease agreements invalid." *Smith*, 755 S.W.2d at 533. The case was remanded back to the probate court and the probate court granted a summary judgment in favor of Leasing Associates. The probate court signed a final judgment, providing that "[t]his cause came on to be considered following remand from the Fourteenth Court of Appeals, that Court having rendered judgment that the deed of trust dated May 4, 1982 was valid, and remanding for trial on the question of whether Leasing Associates properly declared the leases in default and for other proceedings consistent with the Court's opinion." The final judgment ordered that Leasing Associates was entitled to recover $294,232.28, plus interest, from Christley, as Independent Executrix of the Estate. The probate court's

---

[1] Smith and the Property have previously been involved in several lower courts and have visited this court twice. *See Smith v. Christley*, 755 S.W.2d 525 (Tex. App.—Houston [14th Dist.] 1988, writ denied); *Christley v. Leasing Assocs., Inc.*, No. 14-00-00095-CV, 2002 WL 1489211 (Tex. App.—Houston [14th Dist.] July 11, 2002, pet. denied) (not designated for publication).

judgment was affirmed on appeal. *Christley*, 2002 WL 1489211, at *3.

On March 19, 1992, Christley and Smith executed an Agreement and Release, in which they agreed to dismiss their claims in the probate court (the Family Settlement Agreement). Christley agreed to convey to Smith the Estate's interest in the Property and $30,000.00 in cash. Christley died and Catherine Wylie was appointed to be the representative of the Estate.

Leasing Associates began seeking various writs of execution to enforce its judgment. Wylie filed an estate inventory, which disclosed that the Estate owned five separate tracts of real property, one of which was the Property. In 2010, Leasing Associates caused a writ of execution to be issued and asked that the five properties be sold pursuant to the writ of execution in collection of the judgment. On June 1, 2010, the Harris County Constable sold all five tracts of properties at five public auctions. Saihat purchased the Property and one other tract of property.[2] On September 20, 2010, the Harris County Constable executed and delivered a deed to Saihat (the Constable's Deed). The Property was described as "330.72 Acres, Abstract 85, W. Whitlock, Crosby, Harris County, Texas." Because the deed described both properties purchased by Saihat, the Constable executed and delivered two corrected deeds.

On February 11, 2011, Smith sued Saihat, seeking to have the Constable's Deed set aside and cancelled.[3] To avoid the Constable's Deed being potentially cancelled, Leasing Associates assigned a portion of the obligation secured by the Deed of Trust to Saihat. Saihat sold and purchased the Property at a trustee's sale and received a substitute trustee's deed. The case proceeded to a bench trial in

---

[2] The other tract of real property Saihat purchased at the auction is not at issue in the underlying case or this appeal.

[3] On April 9, 2012, Smith amended his original petition to add Saihat's attorney, Jerry Schutza, as a party to the lawsuit. Before the case proceeded to trial, the trial court granted summary judgment in favor of Schutza and ordered that Smith take nothing against him.

which the trial court found in favor of Saihat. The trial court signed a final judgment on November 27, 2013, ordering that Smith take nothing on his claims against Saihat based on his claim of title to the Property. The trial court also declared Saihat owner of the Property. Smith moved for a new trial, which was denied by operation of law.

## STANDARD OF REVIEW

The record does not contain findings of fact or conclusions of law. In a nonjury trial, where findings of fact and conclusions of law are neither filed nor timely requested, it is implied that the trial court made all the necessary findings to support its judgment. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992). When a reporter's record is brought forward, these implied findings may be challenged by factual or legal sufficiency points, the same as jury findings or a trial court's findings of fact. *Id*. at 84. If the evidence supports the implied findings, we must uphold the judgment of the trial court on any theory of law applicable to the case. *In re W.E.R.*, 669 S.W.2d 716, 717 (Tex. 1984) (per curiam).

When a party attacks the legal sufficiency of an adverse finding on which he has the burden of proof, he must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). In reviewing a matter of law challenged, we first examine the record for evidence that supports the findings, while ignoring all evidence to the contrary. *Id*. If there is no evidence to support the finding, then we will examine the entire record to determine if the contrary proposition is established as a matter of law. *Id*. The issue should be sustained only if the contrary proposition is conclusively established. *Id*.

## ANALYSIS OF SMITH'S ISSUE

Smith contends that the trial court erred by ruling in favor of Saihat because

(1) the description of the Property in the Constable's Deed is defective; (2) Saihat was not authorized to hold a trustee's sale; and (3) Leasing Associates released Smith from liability by entering into a written release with Wylie, as representative of the Estate.

## I.    Sufficiency of Legal Description

Smith first argues that the legal description of the Property in the Constable's Deed is defective and as a result, the deed should be declared void.

The sufficiency of the legal description in any instrument transferring a property interest is a question of law and subject to a de novo review. *Dixon v. Amoco Prod. Co.*, 150 S.W.3d 191, 194 (Tex. App.—Tyler 2004, pet. denied). To be valid, a conveyance of real property must contain a sufficient description of the property to be conveyed. *AIC Mgmt. v. Crews*, 246 S.W.3d 640, 645 (Tex. 2008). A property description is sufficient if the writing furnishes within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty. *Id*. Whether conveyed voluntarily or involuntarily, a sufficient description must allow an individual to locate the conveyed property with reasonable certainty. *See id*.; *see also Ardmore, Inc. v. Rex Group, Inc.*, 377 S.W.3d 45, 56 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) ("The purpose of a description in a written conveyance is not to identify the land, but to afford a means of identification."). If enough appears in the description so that a party familiar with the locality can identify the premises with reasonable certainty, it will be sufficient. *Ardmore, Inc.*, 377 S.W.3d at 56. The writing does not have to contain a metes and bounds property description to be enforceable. *Reeder v Curry*, 426 S.W.3d 352, 359 (Tex. App.—Dallas 2014, no pet.).

A conveyance of property which fails to describe a definite tract of land is

5

void. *Id*. A deed should not be declared void for uncertainty if it is possible, by any reasonable rules of construction, to ascertain from the description, aided by extrinsic evidence, what property the parties intended to convey. *Teledyne Isotopes, Inc. v. Bravenec*, 640 S.W.2d 387, 389 (Tex. App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.); *see also AIC Mgmt.*, 246 S.W.3d at 645 ("Texas law does not require courts to scrutinize the proceedings of a judicial sale with a view to defeat them; instead, 'every reasonable intendment will be made in their favor, so as to secure, if it can be done consistent with legal rules, the object they were intended to accomplish.'"). Every presumption should be indulged to reach the conclusion that some interest should be passed by a deed. *Hahn v. Love*, 394 S.W.3d 14, 25 (Tex. App.—Houston [1st Dist.] 2012, pet. denied).

The parties stipulated at trial that the proper legal description to the Property is the description contained in the Deed of Trust and the substitute trustee's deed. This description identifies the Property as follows:

> 330.7242 acres of land situated in Harris County, Texas out of the William Whitlock League, Abstract 85 and the Absolom Reeves Survey Abstract 60 (also known as the Hannah Nash Labor, Abstract 599), said 330.7242 acres being more particularly described by metes and bounds as follows . . . .

The description in the Constable's Deed, however, identifies the Property as:

> 330.72 ACRES ABSTRACT 85 W. WHITLOCK, CROSBY, HARRIS COUNTY, TEXAS.

The corrected deed also contains this description of the Property.

According to Smith, the description in the Constable's Deed is defective because it places all of the Property in Abstract 85, rather than both Abstract 85 and Abstract 60. Smith argues that this renders the deed void because the description provides no means of distinguishing the Property from the other tracts of land located within Abstract 85.

Dr. Nick Bagia, the president of Saihat, testified that he purchased the Property at a constable's sale in 2010 and also at a trustee's sale in 2012. Bagia stated that when he saw the Property posted for sale by the Constable, he looked at the Property in the Whitlock Survey and found the Deed of Trust which contained the metes and bounds description. Bagia stated that the description in the Constable's Deed allowed him to find a proper legal description of the Property and locate the Property. Bagia testified that he looked to see if the Estate owned any other property in the William Whitlock Survey and found that it only owned the Property. He also testified that Smith, Sr. did not own any other 330-acre tracts of land.

We conclude that the legal description in the Constable's Deed is sufficient to identify the Property. The description references a survey of the Property. Bagia testified that the survey led him to the Deed of Trust, which provided a metes and bounds description of the Property. The parties stipulated that the Deed of Trust contained an adequate description of the Property. Bagia stated that he was able to locate the Property by using the description in the Constable's Deed. *See Ardmore, Inc.*, 377 S.W.3d at 56. A reasonable certainty is all the law requires. *Dixon*, 150 S.W.3d at 195. There was sufficient evidence in the record for the trial court to give effect to the legal description in the Constable's Deed. Thus, Smith did not meet his burden to establish the insufficiency of the legal description in the Constable's Deed.

## II.    Deed of Trust

Smith asserts that Saihat did not have the authority to foreclose on the Property under the Deed of Trust. Smith contends that the Deed of Trust requires that a substitute trustee be designated in writing and that there is no written authority by Leasing Associates appointing Schutza as the substitute trustee. In

response, Saihat argues that Smith's pleadings admit the Deed of Trust was assigned to Saihat.

A judicial admission is a formal waiver of proof usually found in pleadings or the stipulations of the parties. *Hennigan v. I.P. Petroleum Co., Inc.*, 858 S.W.2d 371, 372 (Tex. 1993) (per curiam) (citing *Mendoza v. Fid. & Guar. Ins. Underwriters, Inc.*, 606 S.W.2d 692, 694 (Tex. 1980)). A judicial admission must be a clear, deliberate, and unequivocal statement. *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 905 (Tex. 2000). It occurs when an assertion of fact is conclusively established in live pleadings, making the introduction of other pleadings or evidence unnecessary. *Id*.

Smith's live pleading provides, in relevant part:

> SAIHAT and SCHUTZA have acted in concert together and have obtained an assignment of a deed of trust previously executed in favor of Leasing Associates, Inc. to secure payment of certain lease payments owed by The Estate. The assignment designated SAIHAT as assignee beneficiary. SAIHAT in turn appointed SCHUTZA as substitute trustee. The assignment was filed in the Harris County Deed Records on December 16, 2011 under Film Code RP080240299.

Smith's pleadings clearly state that Leasing Associates assigned the Deed of Trust to Saihat and that Schutza was appointed to be the substitute trustee. Because Smith judicially admitted that an assignment occurred, he is barred from disputing it on appeal. *See id*.

## III. Release

Smith argues that on the date the substitute trustee's deed was issued, the Deed of Trust was satisfied and the power of sale was extinguished because Leasing Associates released its claims against the assets of the Estate.

In construing a written contract, the primary concern of the court is to ascertain the true intentions of the parties as expressed in the instrument. *J.M.*

*Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003). To achieve this objective, we must examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless. *Id*. No single provision taken alone will be given controlling effect; rather, all the provisions must be considered with reference to the whole instrument. *Id*. A contract is unambiguous if it can be given a definite or certain legal meaning. *Id*. However, if the contract is subject to two or more reasonable interpretations after applying the pertinent rules of construction, the contract is ambiguous, creating a fact issue on the parties' intent. *Id*.

After the Property was sold to Saihat, Leasing Associates and Wylie, as representative of the Estate, entered into a release (the Release), in which Leasing Associates agreed to release the Estate and Wylie from liability regarding a possible breach of fiduciary duty by Christley. The Release provides, in relevant part:

> Furthermore, I acknowledge that my Client releases the Estate of Cyril J. Smith and Catherine N. Wylie, the Administrator of the Estate of liability regarding any breach of fiduciary duty by Barbara Christley as to the following:
>
> 1) On March 19, Barbara Christley acting as the Executrix of the Estate entered into an "Agreement and Release" with Cyril J. Smith, Jr. and gave to him, without consideration to the Estate $30,000 in cash; and
>
> 2) "all of the estate's interest in the tract of land consisting of approximately 330.72 acres situated in Harris County, Texas". [sic] The Estates [sic] portion represents at least a 25% interest in that real property.
>
> NOW, THEREFORE, I hereby RELEASE the Estate of Cyril J. Smith and Catherine N. Wylie in her capacity of the Administrator of the Estate and Individually of any further liability regarding the above-mentioned items.

9

Smith asserts that this language indicates that Leasing Associates released its claims against the Estate for title to the Property.

We disagree with Smith's proposed interpretation of the Release. The Release states that Leasing Associates releases the Estate of "liability regarding any breach of fiduciary duty by Barbara Christley as to the following: . . . ." The Release then refers to the Family Settlement Agreement between Christley and Smith, in which Smith received an interest in the Property. A portion of the Release is handwritten at the bottom of the page and states: "This release shall not be construed as an admission that the transfers are valid, or as a release against any assets of the Estate of Cyril J. Smith to pay the Client's Judgment." The express language of the Release makes clear that Leasing Associates only intended to release the Estate for liability regarding a potential breach of fiduciary duty by Christley for conveying the Property to Smith. The handwritten portion of the Release supports this conclusion by providing that the Release does not apply to any assets of the Estate.

## CONCLUSION

We overrule Smith's issues and affirm the judgment of the trial court.

/s/    Ken Wise
Justice

Panel consists of Justices Christopher, Donovan, and Wise.

10