Michael F. **REILAND, Sr.,** Appellant,

v.

**PATRICK THOMAS PROPERTIES, INC.,** Appellee.

No. 01–06–00341–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 28, 2006.

Rehearing Overruled Nov. 30, 2006.

---

Christopher Benjamin Dove, Rachel Hope Stinson, Locke Liddell & Sapp, LLP, Houston, TX, for Appellant.

Jerry L. Schutza, Houston, TX, for Appellee.

Panel consists of Justices TAFT, KEYES, and HANKS.

## OPINION

GEORGE C. HANKS, JR., Justice.

This is an accelerated appeal of an interlocutory order pursuant to section 51.014(d) of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(d) (Vernon 2003) (allowing for interlocutory appeal when parties agree that order involves controlling question of law with substantial ground for difference of opinion). Appellant, Michael F. Reiland, Sr., appeals the trial court's order denying his motion for summary judgment and granting partial summary

judgment in favor of appellee, Patrick Thomas Properties, Inc. ("PTP"). The trial court found that the Right of First Refusal at issue is a valid and enforceable conveyance of real property. In two points of error, Reiland contends that the trial court erred in granting partial summary judgment in favor of PTP because the alleged Right of First Refusal is void as a matter of Texas law due to the fact that (1) the legal description of the property conveyed in the document is legally inadequate and (2) the document contains an artificial price cap that operates as an unreasonable restraint on alienation.

We reverse and render.

## Background

On February 18, 1977, Leonard Bythel Weis and Marjorie K. Weis granted to Beverly Faulkner a Right of First Refusal to acquire a 3.0152 acre tract of real property. The Right of First Refusal described the land as "3.0152 acres adjoining on the east side that certain 1.984 acre tract conveyed by Leonard Bythel Weis and wife, Marjorie K. Weis to Beverly Faulkner, Trustee on or about February 18, 1977," and it further identified the tract "as being 3.0152 acres in the William Walters Survey, Abstract 851, Harris County, Texas."[1] The price is derived by the terms established in the Right of First Refusal:

> Faulkner, Trustee, her successors or assigns shall have and does have the right of first refusal on the herein described real property on identical terms as those stated in an acceptable offer to Leonard Bythel Weis and wife, Marjorie K. Weis, but at ten cents (.10) per square foot

less than such offer not to exceed a price of fifty cents (.50) per square foot.... The Right of First Refusal was declared valid for "so long as Leonard Bythel Weis, or wife, Marjorie K. Weis are alive plus twenty-one (21) years." Both Leonard and Marjorie Weis have died.[2]

On November 15, 1999, Robert W. Mauk, Trustee of the Leonard B. Weis Trust, conveyed the tract to Reiland for $164,000. Five years later, Faulkner assigned the Right of First Refusal to PTP. Faulkner was unaware of the sale to Reiland and only became aware of the transaction when a real estate broker later informed her that Reiland was in the process of selling the property to someone else. Faulkner then informed PTP, and, upon further investigation, PTP discovered that the property was conveyed to Reiland in 1999. PTP sued Reiland and sought judgment to enforce its Right of First Refusal and claimed to be "ready, willing, and able to comply" with its terms to purchase the land, at the maximum price under the Right of First Refusal of $66,211.20. The market price of the property at the time of the suit was assessed at $203,229.18.

PTP filed a motion for partial summary judgment to enforce its right to acquire the tract under the Right of First Refusal. Attached to the motion was an affidavit from John Montgomery, PTP's director of operations, wherein he testified that PTP would have exercised its right of first refusal had it been notified of the earlier sale to Reiland, and it was "ready, willing and able to purchase the 3.0 Acre Tract pursuant to the terms stated in the Right of First Refusal." Also attached to the motion was a document reflecting the survey of the property describing the metes and

---

1. The correct name of the survey in the Harris County Real Property records is the "William Waters" survey.

2. Although the record does not reflect when either Leonard or Marjorie Weis died, Reiland does not dispute the validity of the Right of First Refusal based on this fact.

bounds. The exhibit reflects, however, that the survey was conducted in 1999, more than 22 years *after* the Right of First Refusal was created.

Reiland filed a cross-motion for summary judgment, which asserted that the Right of First Refusal was void because (1) the description contained therein is legally inadequate and (2) it contains an artificial price cap that operates as an unreasonable restraint on alienation. In response, PTP submitted an affidavit from Greg Schmidt, a registered professional surveyor. In his affidavit, Schmidt testified that

> I was able to locate the property, in part, because the Right of First Refusal refers to a deed which involved the same parties. I have reviewed the Harris County Real Property Records and there is only one other tract of real property which was owned by Leonard Bythel Weis and Marjorie K. Weis which was conveyed to Beverly Faulkner, Trustee. A copy of this deed is attached as Exhibit C. Therefore, the property which is described in the Right of First Refusal is adjacent to the property which was conveyed in the deed. I have also reviewed another deed in which Robert W. Mauk, Trustee, conveyed the same property to Michael Reiland, Sr. A copy of this deed is attached as Exhibit D. This deed describes the real property by the use of a metes and bounds description. The real property which is described in the deed from Mauk to Reiland is the same property which is described in the Right of First Refusal which is attached as Exhibit B.

The trial court granted partial summary judgment in favor of PTP and denied Reiland's motion, holding that the legal description in the Right of First Refusal was adequate as a matter of law and that the Right of First Refusal was not an invalid restraint on alienation; therefore, the Right of First Refusal was a valid and enforceable conveyance of real property.

## Summary Judgment

In two points of error, Reiland contends that the trial court erred in granting partial summary judgment in favor of PTP, because the alleged Right of First Refusal is void as a matter of law due to the fact that (1) the legal description of the property conveyed in the document is legally inadequate and (2) the document contains an artificial price cap that operates as an unreasonable restraint on alienation.

### Standard of Review

■ Both parties moved for traditional summary judgment under Texas Rule of Civil Procedure 166a(c). *See* TEX. R. CIV. P. 166a(c). We review a trial court's granting of a summary judgment de novo. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex.2000). Summary judgment is proper when a movant establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). In reviewing the granting of a motion for summary judgment, we consider as true all the evidence that favors the non-movant. *Watts v. Hermann Hosp.*, 962 S.W.2d 102, 104 (Tex.App.-Houston [1st Dist.] 1997, no pet.). We indulge every reasonable inference in favor of the non-movant and resolve all reasonable doubts in its favor. *Cont'l Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex.1988); *Watts*, 962 S.W.2d at 104. When both parties move for summary judgment, each must carry its own burden of proof, both as movant and in response to the other party's motion, as non-movant. *CU Lloyd's v. Feldman*, 977 S.W.2d 568, 569 (Tex.1998).

When both parties move for summary judgment and the trial court grants one motion and denies the other, the unsuccessful party may appeal both the prevailing party's motion, and the denial of its own. *See Holmes v. Morales,* 924 S.W.2d 920, 922 (Tex.1996). We must then review both sides' summary judgment evidence, determine all questions presented, and render the judgment that the trial court should have rendered. *FM Props. Operating Co.,* 22 S.W.3d at 872.

### Inadequate Land Description

In point of error one, Reiland contends that the alleged Right of First Refusal from the Weises to Faulkner is void as a matter of law due to the fact that the legal description of the property conveyed in the document is legally inadequate.

On February 18, 1977, more than 20 years before Reiland's purchase, the Weises created a Right of First Refusal in which they granted

> to Beverly Faulkner, Trustee, her successors or assigns the right of first refusal to purchase the property identified as being 3.0152 acres adjoining on the east side that certain 1.984 acre tract conveyed by Leonard Bythel Weis and wife, Marjorie K. Weis to Beverly Faulkner, Trustee on or about February 18, 1977.
>
> The tract is further identified as being 3.0152 acres in the William Walters Survey, Abstract 851, Harris County, Texas.

There was no metes and bounds description of the 3.0152–acre tract attached to the Right of First Refusal.

In his motion for summary judgment, Reiland argued that the Right of First Refusal was deficient as a matter of law because "(1) there is nothing in the description that would allow an individual to identify the three-acre tract with reasonable certainty, and (2) the document wholly fails to define the size, shape or boundaries of the land to which it relates." We agree.

Much like in *Matney v. Odom,* 147 Tex. 26, 210 S.W.2d 980 (1948), the primary question in this case is whether the description of the 3.0152 acres set out in the Right of First Refusal meets the requirements of the statute of frauds. If the requirement was not met, PTP was not entitled to enforce specific performance of the Right of First Refusal.

The well-settled rule to test the sufficiency of a description in a deed is that "the writing must furnish within itself or by reference to some other existing writing, the means or data by which the land to be conveyed may be identified with reasonable certainty." *Morrow v. Shotwell,* 477 S.W.2d 538, 539 (Tex.1972). In *Morrow,* the court examined a property description in a contract of sale. A description that identified property by tract, survey, and county was held to be an insufficient description because it did not refer to any other existing writing and because there were no means or data to tell a surveyor on what course and for what distances he will run. *Id.* at 539–40 (citing *Greer v. Greer,* 144 Tex. 528, 191 S.W.2d 848 (1935) (holding insufficient a description that included acreage, survey, county, patent, volume, and abstract numbers) and *Pfeiffer v. Lindsay,* 66 Tex. 123, 1 S.W. 264, 266 (1886) (holding insufficient a description that included acreage, survey, county, and abstract number)); *see also Harlan v. Vetter,* 732 S.W.2d 390, 394 (Tex.App.-Eastland 1987, writ ref'd n.r.e.) (holding that, if property description is to be supplied by writing to which reference is made in deed, reference must be adequate to identify writing). If the descriptions "are insufficient to identify the lands to be conveyed, they necessarily must also

be insufficient to identify land out of which an unidentified part is to be conveyed." *Morrow*, 477 S.W.2d at 540. Describing land in this way violates the statute of frauds. *Id.* In essence, the extrinsic evidence referred to must operate to clarify the conveyance.

▮▮ The statute of conveyances and the statute of frauds require that conveyances and contracts of sale of real property be in writing and signed by the conveyor or party to be charged. Tex. Prop.Code Ann. § 5.021 (Vernon 1984); Tex. Bus. & Com.Code Ann. § 26.01(b)(4) (Vernon 2002). In order for a conveyance or contract of sale to meet the requirements of the statute of frauds, the property description must furnish within itself or by reference to another *existing* writing the means or data to identify the particular land with reasonable certainty. *Pick v. Bartel*, 659 S.W.2d 636, 637 (Tex.1983); *Morrow*, 477 S.W.2d at 539. The purpose of a description in a written conveyance is not to identify the land, but to afford a means of identification. *Jones v. Kelley*, 614 S.W.2d 95, 99–100 (Tex.1981). The legal description in the conveyance must not only furnish enough information to locate the general area as in identifying it by tract survey and county, it need contain information regarding the size, shape, and boundaries. *See Morrow*, 477 S.W.2d at 539; *Matney*, 210 S.W.2d at 982. If enough appears in the description so that a person familiar with the area can locate the premises with reasonable certainty, it is sufficient to satisfy the statute of frauds. *Gates v. Asher*, 154 Tex. 538, 280 S.W.2d 247, 248–49 (1955). Even when

"the record leaves little doubt that the parties knew and understood what property was intended to be conveyed, . . . the knowledge and intent of the parties will not give validity to the contract and neither will a plat made from extrinsic evidence." *Morrow*, 477 S.W.2d at 540.[3]

▮▮ If a conveyance of an interest in real property does not sufficiently describe the land to be conveyed, it is void under the statute of frauds. *Pick*, 659 S.W.2d at 637. Such a contract, deed, or conveyance will not support an action for specific performance or a suit for damages for a breach of contract. *Wilson v. Fisher*, 144 Tex. 53, 188 S.W.2d 150, 152 (1945).

▮▮ Here, as in *Matney*, there is nothing "indicating the shape of the block or the courses and lengths of its border lines or those of the [3.0152] acres." 210 S.W.2d at 982. To locate the 3.0152 acres with definiteness, it is necessary to first fix the location of the piece of land of which it is a part, and then locate the 3.0152 acres by boundaries, or metes and bounds of some character "adjoining on the east side that certain 1.984 tract." *See id.* Also as in *Matney*, we hold that, "under the established law of this state, the descriptive language used in this lease is vitally lacking in definiteness." *Id.*

▮▮ PTP attached a copy of the metes and bounds created when the property was surveyed in 1999. This evidence, however, is "inadmissible to aid the description in the written contract, because there is no reference to such [survey] in the contract which must be looked to in determining

---

**3.** PTP argues that the Texas Supreme Court's recent decision in *J. Hiram Moore, Ltd. v. Greer*, 172 S.W.3d 609 (Tex.2005) supports the position that extrinsic evidence can be admitted in this case. We disagree. The *Moore* case, which addressed the propriety of granting summary judgment when an ambi-

guity exists in a royalty deed, stood for the long-standing principle that, once a contract is found to be ambiguous, a jury can hear extrinsic evidence and determine the parties' intent. *Id.* at 614. The *Moore* case did not discuss the statute of frauds or the *Morrow* opinion, which is still good law.

whether the statute of frauds is satisfied." *Id.* at 983.

 Further, in *Morrow,* after a search of the abstract records and on directions given by an attorney, a surveyor was able to locate the property on the ground and to make a plat showing its location and boundaries that was introduced into evidence. *Morrow,* 477 S.W.2d at 540. Similarly here, a surveyor did locate "the real property" by, "in part," reviewing the Harris County Real Property Records. The rule for the admissibility of extrinsic evidence to aid in descriptions for the conveyance of land, however, is that a "resort to extrinsic evidence . . . is not for the purpose of supplying the location or description of land, but only for the purpose of identifying it with reasonable certainty from the data *in the memorandum." Id.* at 541 (emphasis added). There were no documents attached to or referenced by the Right of First Refusal that indicate the shape and boundaries of the 3.0152–acre tract.

We hold that the Right of First Refusal contains an inadequate land description and thus violates the statute of frauds. Accordingly, we sustain point of error one.

**Price Cap**

In point of error two, Reiland contends that the alleged Right of First Refusal from the Weises to Faulkner is void as a matter of law due to the fact that the document contains an artificial price cap that operates as an unreasonable restraint on alienation.

Having held that the Right of First Refusal violates the Statute of Frauds, we need not address point of error two.

### Conclusion

We reverse the trial court's judgment and render judgment in favor of Reiland

quieting title and removing the cloud on Reiland's property.