**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00165-CV**
_____

**KENDALL HOMES, Appellant**

**V.**

**WTMI PROPERTIES I, LTD AND MRM LAND, LTD, Appellees**

_____

**On Appeal from the 284th District Court**
**Montgomery County, Texas**
**Trial Cause No. 14-07-08139 CV**

_____

**MEMORANDUM OPINION**

WTMI Properties I, LTD ("WTMI") and MRM Land, LTD ("MRM")

signed a contract in April, 2014, to sell property to Kendall Homes ("Kendall").

After WTMI and MRM ("appellees") attempted to terminate the contract, Kendall

sued for specific performance. Appellees filed a traditional motion for summary

judgment on grounds that the contract lacked sufficient property descriptions. The

trial court granted the motion. In three appellate issues, Kendall challenges the trial

court's summary judgment ruling. We reverse the trial court's order granting appellees' motion for summary judgment and remand for further proceedings.

Evidentiary Issue

In issue three, Kendall challenges the trial court's failure to provide sufficient time to prove up a summary judgment exhibit. On October 29, 2014, Kendall sought time to obtain a business records affidavit to support an appraisal of the subject properties.[1] In an affidavit, Kendall's counsel explained that he had prepared the requisite business records affidavit and awaited an executed copy from the appraiser. He asserted that Kendall would seek a deposition to prove up the appraisal if the affidavit could not be obtained. The trial court granted appellees' motion for summary judgment on January 20, 2015.

Under Texas Rule of Civil Procedure 166a(g), should it appear from an affidavit of the nonmovant that "he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is

---

[1]The trial court's granting of appellees' summary judgment motion is an implicit ruling on Kendall's request for additional time to obtain the business records affidavit. *See Williams v. Bank One, Tex., N.A.*, 15 S.W.3d 110, 114 (Tex. App.—Waco 1999, no pet.) ("[T]he trial court's granting of Bank One's summary judgment creates an inference that the court implicitly overruled Williams's motion for continuance.").

2

just." Tex. R. Civ. P. 166a(g). When determining whether a trial court abused its discretion by refusing to grant additional time for discovery, we consider a nonexclusive list of factors: "the length of time the case has been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought." *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004).

In this case, the parties' contract does not contain an explicit reference to a specific appraisal that would furnish the means or data by which the land could be identified with reasonable certainty. *See AIC Mgmt. v. Crews*, 246 S.W.3d 640, 645 (Tex. 2008). Accordingly, Kendall could not use the appraisal as extrinsic evidence in support of the property description. *See Reiland v. Patrick Thomas Props., Inc.*, 213 S.W.3d 431, 437-38 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (Evidence is inadmissible to aid a property description when the written contract fails to reference the particular piece of evidence.). For this reason, the appraisal was not material to Kendall's response to appellees' summary judgment motion. *See Joe*, 145 S.W.3d at 162. The trial court did not abuse its discretion by failing to give Kendall additional time to prove up the appraisal. We overrule issue three.

## Summary Judgment

In issue one, Kendall argues that the contract, combined with documents referenced in the contract, provides sufficient property descriptions or raised a fact issue as to the descriptions' sufficiency. In issue two, Kendall argues that the contract, combined with documents that are part of the same transaction, provide sufficient property descriptions or raised a fact issue as to the descriptions' sufficiency. We review a trial court's ruling on a traditional summary judgment motion *de novo*. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We "consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented." *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam). We view the evidence in the light most favorable to the nonmovant, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts against the motion. *Id*. at 756.

"To be valid, a conveyance of real property must contain a sufficient description of the property to be conveyed." *Crews*, 246 S.W.3d at 645. "A property description is sufficient if the writing furnishes within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty." *Id*. When a

property conveyance fails to sufficiently describe the land being conveyed, the conveyance is void. *Id*. "Such a contract, deed, or conveyance will not support an action for specific performance or a suit for damages for a breach of contract." *Reiland*, 213 S.W.3d at 437.

The contract described the property as "real property situated in Montgomery County, Texas" and "20.75 AC in Buchanan Survey and 40.13 AC in the Henderson Survey[.]" A property description "must not only furnish enough information to locate the general area as in identifying it by tract survey and county, it need[s] [to] contain information regarding the size, shape, and boundaries." *Id*. The description in the parties' contract fails to sufficiently identify the property. *See id*. Thus, we must examine the entire contract to determine whether it references documents by which the property may be identified with reasonable certainty. *See Crews*, 246 S.W.3d at 648; *see also Dixon v. Amoco Prod. Co.*, 150 S.W.3d 191, 194 (Tex. App.—Tyler 2004, pet. denied). Extrinsic evidence is only intended to identify property with reasonable certainty from data in the document conveying the property. *Morrow v. Shotwell,* 477 S.W.2d 538, 541 (Tex. 1972).

Kendall points to prior deeds to support the two tracts' property description, but Kendall does not direct us to where in the contract the deeds are referenced,

5

and our review of the contract has not revealed such a reference. *See Guenther v. Amer-Tex Constr. Co.*, 534 S.W.2d 396, 398 (Tex. Civ. App.—Austin 1976, no writ) (Noting that contract attempting to convey property did not reference "recorded deeds or other instruments from which the land might be identified."). Kendall also presents an affidavit from Kenneth Wickens, in which Wickens states that he knows the property's location and has no doubt as to which property is being conveyed. However, "the knowledge and intent of the parties will not give validity to the contract[.]" *Morrow*, 477 S.W.2d at 540; *see Mayor v. Garcia*, 104 S.W.3d 274, 277 (Tex. App.—Texarkana 2003, pet. dism'd w.o.j.) ("A description's validity under the statute of frauds is not affected by the knowledge or intent of the parties.").

Additionally, Kendall maintains that property tax statements assist in describing the property. The contract required appellees to deliver tax statements to Kendall for the previous two calendar years. The tax statements described the two tracts as follows: (1) "A0100 Buchanan James, Tract 3, Acres 20.750[;]" and (2) "A0248 Henderson F K, Tract 27, Acres 40.130[.]" Assuming the contract's reference to the tax statements is sufficiently explicit, the tax statements do not contain information regarding the two tracts' size, shape, or boundaries. *See Reiland*, 213 S.W.3d at 437.

Kendall also contends that the contract references a 2010 survey of the two tracts. The contract states, in pertinent part, that: "Seller will deliver to Buyer and the title company a true and correct copy of Seller's most recent survey of the Property along with an affidavit required by the title company for approval of the existing survey"[;] and "If the existing survey is not acceptable to the title company, Seller, at Seller's expense, will obtain a new or updated survey acceptable to the title company and deliver the acceptable survey to Buyer and the title company within 20 days after the Seller receives notice that the existing survey is not acceptable to the title company." The 2010 survey is not in the record before us, but, Kendall also contends that the 2010 survey was revised in 2014. The 2014 survey is in the record, but the record does not indicate why the revised survey was prepared. If the revised survey was prepared in the course of the same transaction, *i.e.*, the survey required by the contract to be provided after the effective date, then the 2014 survey could be considered in determining the property description's sufficiency. *See Jones* v. Kelley, 614 S.W.2d 95, 98 (Tex. 1981). A genuine issue of material fact arises when reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary judgment evidence. *See Mayes*, 236 S.W.3d at 755. Accordingly, we conclude that there exists a genuine issue of material fact as to whether the 2014 survey (1) was

7

prepared in the course of the same transaction, and (2) could be considered as furnishing the means or data by which the two subject tracts may be identified with reasonable certainty. *See Crews*, 246 S.W.3d at 645. For this reason, appellees were not entitled to summary judgment and the trial court erred by granting appellees' motion. *See Knott*, 128 S.W.3d at 216; *see also* Tex. R. Civ. P. 166a(c). We sustain issue two, reverse the trial court's order granting summary judgment in favor of appellees, and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on December 31, 2015
Opinion Delivered April 14, 2016

Before McKeithen, C.J., Kreger and Horton, JJ.