**Opinion issued December 19, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-22-00840-CV

_____

**AZHAR M. CHAUDHARY AND RIVERSTONE RESORT, LLC, Appellants**

**V.**

**PROSPERITY BANK AND MARK SCHMUTZ, Appellees**

---

**On Appeal from the 434th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 20-DCV-273747**

---

## MEMORANDUM OPINION

This is a suit by a debtor and guarantor to enjoin a lender's foreclosure on real property under a deed of trust. Riverstone Resort, LLC and Azhar M. Chaudhary (collectively, "Riverstone") sued Prosperity Bank and Mark Schmutz (collectively, "Prosperity"), seeking declaratory relief and asserting claims for breach of contract, wrongful foreclosure, usury, fraud, conspiracy, and various statutory violations.

On the morning of trial, the trial court issued a discovery sanction excluding any testimony by Riverstone's sole witness, Chaudhary. It also denied Riverstone's motion for a continuance.

At trial, no evidence was admitted and no testimony was taken. After apparently taking judicial notice of its file and public records, the trial court rendered judgment for Prosperity and ordered that Riverstone take nothing on its claims. It declared the subject loan documents valid and enforceable, declared that Prosperity was entitled to foreclose on Riverstone's property, and awarded Prosperity $1,816,848.20 in damages, along with interest and attorney's fees.

In eight issues, Riverstone contends that the trial court erred in excluding Chaudhary's testimony—which it asserts amounted to a death-penalty sanction ending its case, denying its motion for continuance, and granting judgment for Prosperity without any pleadings on file requesting affirmative relief or evidence presented at trial.

We affirm in part, reverse and render in part, and reverse and remand in part.

**Background**

In June 2017, Prosperity loaned Riverstone $1,856,000.00 to purchase a house and approximately 60 acres in Sugar Land, Fort Bend County. Chaudhary executed a promissory note and deed of trust as manager of Riverstone, and he executed a

personal guaranty. The documents were executed by Schmutz, as senior vice president of Prosperity.

The deed of trust and warranty deed were first recorded in the Fort Bend County Clerk's Office on July 3, 2017. Each described the subject property as:

> A FIELDNOTE DESCRIPTION of a tract of land located in Fort Bend County, Texas, situated in the William Little League, Abstract No. 54, being the 7 tracts of land recorded under Clerk's File Nos. 9733667 thru 9733671 inclusive, 9733675, and 9733676 of the said County Real Property Records, being out of Lot 8 of the partition of the J.T. Tinsley called 1,000-acre tract as recorded in Volume "D," Page 250 of the surveyors records of said County, said tract being more and particularly described by metes and bounds attached hereto as Exhibit "A."

However, there was not an Exhibit A attached.

The Fort Bend County Central Appraisal District notified Prosperity that it was unable to transfer ownership under the warranty deed "because there [were] no field notes attached." On July 31, 2017, Prosperity refiled the deed of trust to include Exhibit A.

Subsequently, a dispute arose between the parties regarding whether Riverstone had complied with the terms of the note and had paid as agreed.

In 2019, the parties executed a Reinstatement, Modification, and Renewal Agreement (the "Agreement"). Under its terms, the parties agreed that Riverstone would pay $14,738.16 monthly, beginning on January 28, 2020. The parties also agreed that Riverstone would pay all delinquent property taxes and provide proof of such payment to Prosperity on or before January 15, 2020.

3

According to Prosperity, Riverstone failed to comply with the terms of the Agreement by failing to timely pay and provide proof of taxes paid. On January 30, 2020, Prosperity sent Riverstone a notice of default and intent to accelerate the note.

On February 5, 2020, Riverstone paid the amount due January 28, 2020 and provided Prosperity with a copy of Riverstone's payment agreement with the Fort Bend County Tax Assessor concerning the delinquent taxes.

On February 13, 2020, Prosperity sent Riverstone a notice of acceleration, stating that Riverstone had failed to cure the default and demanding payment in full of the outstanding balance of the note. Subsequently, Prosperity sent Riverstone a notice of substitute trustee's sale set for August 4, 2020.

In July 2020, Riverstone filed the instant suit. It alleged that Prosperity lacked legal authority to foreclose on the property because its deed of trust was void for lack of a sufficient property description. And the deed of trust refiled on July 31, 2017 did not comply with Texas Property Code sections 5.028 and 5.029—having the "primary effect of adding land as security for the loan."

According to Riverstone, the original deed of trust "does not list any land (zero acres) in the 'legal description.'" The revised version, adding "Exhibit A," states that the property is 59.7052 acres, but the seven deeds referenced therein add up to 62.92 acres—with 8.5 acres not identified with any particularity. And Riverstone stated that it had commissioned a new survey, which identified 74.54 acres.

4

Riverstone further alleged that the property had been appraised for $9,660,000.000 and that Schmutz had engaged in a scheme to foreclose on the property to deprive Riverstone of its equity. According to Riverstone, Schmutz misrepresented that Riverstone could defer payments during refinancing and later refused to apply Riverstone's payments, claiming they were "lost," in order to declare the loan in default and foreclose. And Prosperity had wrongfully accelerated the note and instituted foreclosure proceedings, which also constituted a breach of the Agreement. Riverstone asserted that Prosperity had misrepresented the terms of the note and deed of trust and had deceptively crafted provisions to deprive Riverstone of its equity in the property.

Riverstone sought injunctive relief to enjoin the substitute trustee's sale. It also sought declarations that (1) it was not in default on the note, (2) the property description in the deed of trust filed July 3, 2017 was deficient, (3) Prosperity's attempt to cure the deficiency by refiling the deed on July 31, 2017 was not in accordance with the Property Code, and (4) therefore, the deed of trust was invalid and Prosperity lacked authority to foreclose on the property. In addition, Riverstone asserted claims for breach of contract, wrongful foreclosure, usury, fraud, conspiracy, and various statutory violations.

Prosperity filed an answer, generally denying the allegations. It also raised various affirmative defenses, arguing that each barred Riverstone from recovering

5

on its claims. Prosperity asked the trial court to dismiss this action against it, order that Riverstone take nothing on its claims, and award Prosperity attorney's fees.

On July 14, 2021, the trial court granted a temporary injunction enjoining Prosperity from foreclosing on the property until further order of the court. It ordered Riverstone to comply with the following by July 27, 2021:

- pay all past due principal, interest, and fees that accrued from December 28, 2019 through the date of the order into the registry of the Fort Bend County District Clerk;
- obtain and deliver certain insurance policies to Prosperity;
- cease using the property as a principal dwelling; and
- execute and file a bond in the amount of $50,000.

In addition, the trial court ordered Riverstone to pay all taxes on the property through trial, and principal and interest of $14,738.16 monthly through trial, into the registry of the district clerk.[1]

The trial court further ordered that all discovery be completed "on or before August 20, 2021," and it set a bench trial for September 21, 2021.

On August 9, 2021, Prosperity sent a letter to Riverstone asking Chaudhary's availability for deposition. The parties dispute whether Riverstone responded. On August 13, 2021, Prosperity sent a notice to Riverstone, setting Chaudhary's deposition for August 20, 2021—the final date of the discovery period.

---

[1] It is undisputed that Chaudhary did not fully comply with the terms of the order.

On August 17, 2021, Riverstone filed a motion to quash the notice of deposition, objecting to its time and date. The trial court did not rule on the motion.

On September 14, 2021, Prosperity filed motions to compel discovery and for contempt. It asserted that Riverstone had failed to respond to written discovery or appear for deposition, and it asked the trial court to hold Riverstone in contempt for failing to comply with the terms of the temporary injunction. The trial court did not expressly rule on these motions.

At 6:24 p.m. on the eve of trial, Prosperity moved to exclude all "testimony or evidence" regarding Riverstone's claims "not associated with the validity of the deed of trust, which is a legal issue for the court to determine," on the ground that it had failed to respond to discovery or appear for the deposition on August 20, 2021.

At 11:46 p.m. that same night, counsel for Riverstone, Sanjay Chadha, filed a motion to continue the trial. Chadha stated that Chaudhary was "showing severe symptoms of COVID-19 and [was] physically unable to participate in trial." Chadha asserted that Chaudhary's presence was essential for Riverstone's case-in-chief and that it was unable to proceed without him.

On the morning of trial, Chadha explained to the trial court that Chaudhary's medical issues had developed late the night before and that he was with his doctor. Chadha stated: "I cannot proceed with my case-in-chief without my witness. I can't introduce any of the things without him. He is essential." The trial court stated that,

if it allowed Chaudhary to testify at all, he could do so by Zoom. Chadha responded that he would make that request if the doctor approved, and he was awaiting a status report. The trial court denied the continuance.

The trial court then took up Riverstone's previously filed motion for partial summary judgment. Riverstone asked the trial court to declare the deed of trust "void" on the ground that it lacked a legally valid property description. Prosperity argued that the deed of trust was not void because each of the deeds referenced therein sufficiently described the property. The trial court denied the motion.

The trial court then took up Prosperity's motion to exclude "any and all testimony and documents" related to Riverstone's claims.

Riverstone argued that it had produced "over 600 documents" responsive to Prosperity's discovery requests. And, after Prosperity "did nothing" during the 15 months the case had been pending, it unilaterally set Chaudhary's deposition for the very last date of the discovery period—August 20, 2021—"when there [was] no possibility of scheduling anything else." Chadha stated that he informed Prosperity that neither he nor Chaudhary were available that day.

The trial court orally granted Prosperity's motion to exclude Chaudhary's testimony, stating:

> Well, I'm going to grant the request that [Chaudhary] not be allowed to testify under the circumstances of him not making himself available for the deposition and not taking steps to expand that period of time so that he could make himself available for deposition.

8

Riverstone objected, stating that once the discovery period expired, the burden was on Prosperity to seek leave to schedule the deposition outside that period. And the exclusion of Chaudhary's testimony constituted a death-penalty sanction.

After a recess, Chadha filed an Amended Verified Emergency Motion to Continue Trial. He again asserted that Chaudhary had informed him that he was "showing severe symptoms of COVID-19 and [was] physically unable to participate in trial," that Chaudhary's presence was essential for Riverstone's case-in-chief, and that it was unable to proceed without him. Chadha attached his declaration and a letter from Eugenio Aguilar, M.D. at Sinus Surgery, Throat, Allergy Clinic of Houston, stating that Chaudhary was examined that day, was having difficulty breathing, and was "physically incapacitated to perform any activity whatsoever."

Prosperity objected on the ground that the doctor's letter was not an affidavit and failed to state that Chaudhary had actually tested positive for COVID-19. The trial court denied the amended motion for continuance. Riverstone responded that it could not present its case-in-chief without Chaudhary and rested.

Without presenting any evidence or testimony, Prosperity moved for judgment in its favor. It requested that the trial court find the "loan documents, including the Deed of Trust, are valid and enforceable," that Prosperity could "judicially foreclose on the property without interference" from Riverstone, and that Prosperity had "the right to recover attorney's fees under the loan documents."

9

Riverstone objected that Prosperity had no pleadings on file requesting such affirmative relief. Rather, it had filed only an answer asserting affirmative defenses.

The trial court signed a judgment for Prosperity, stating:

> Finding no just cause to continue the trial setting, the court called this case to trial before the bench. During their case-in-chief, Plaintiffs did not present or seek admission of any evidence or other documents, witness testimony, or argument, and rested their case. Thereafter, Defendants orally moved for judgment as a matter of law for legal and factual insufficiencies on all of the claims and causes of action asserted by Plaintiffs in this case.

In its judgment, the trial court declared that "the subject loan documents, including but not limited to the Deed of Trust (Defs.' Ex. 4), the Promissory Note (Defs.' Ex. 1), and the Guaranty Agreement (Defs.' Ex. 2) . . . , are valid and enforceable." And it declared that Prosperity was entitled to foreclose on the property. The trial court also awarded it $1,816,848.20 in damages, $561,106.84 in interest, continuing at $895.98 per diem, and $264,450.74 in attorney's fees. The trial court held that Riverstone take nothing on its claims.

**Judgment for Prosperity**

A. *Sufficiency of the Evidence*

In its fourth and fifth issues, Riverstone challenges the sufficiency of the evidence supporting the trial court's declarations and damages in favor of Prosperity.

Riverstone argues that "absolutely no evidence was introduced at trial by either party."[2]

We will sustain a legal-sufficiency or "no-evidence" challenge if the record shows: (1) a complete absence of evidence of a vital fact; (2) that rules of law or evidence bar the court from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) that the evidence conclusively establishes the opposite of the vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005). We consider the evidence in the light most favorable to the finding and indulge every reasonable inference that would support it. *Id.* at 822. If the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about a vital fact's existence, more than a scintilla of evidence exists. *Bradford v. Vento*, 48 S.W.3d 749, 754 (Tex. 2001).

Here, with respect to its judgment in favor of Prosperity, the trial court's judgment (1) declares the deed of trust, note, and guaranty "valid and enforceable"; (2) declares that Prosperity is entitled to foreclose on Riverstone's property; and (3) awards Prosperity $1,816,848.20 in damages.

---

[2] When, as here, a party presents multiple grounds for reversal of a judgment, we first address those points that would afford the greatest relief. *See Bradleys' Elec., Inc. v. Cigna Lloyds Ins. Co.*, 995 S.W.2d 675, 677 (Tex. 1999) (holding court of appeals erred by not deciding rendition issue before remand issue).

Riverstone argues that "absolutely no evidence was introduced at trial by either party." And Prosperity concedes in its brief that "there was no evidence introduced at trial," and "the record does not show that Prosperity's trial exhibits were offered or admitted." The record also shows that no evidence was admitted at trial and further that no testimony was taken.

### 1. *Validity of the Deed of Trust, Note, and Guaranty*

Prosperity argues that the "judgment supports the presumption that the trial court took judicial notice" of the note, deed of trust, and guaranty agreement because these documents were admitted into evidence at the temporary-injunction hearing, and the trial court's judgment refers to these documents by the exhibit numbers assigned at that hearing.

A trial court may take judicial notice of its file "on its own." TEX. R. EVID. 201. And "we may presume that a trial court took judicial notice of the file even if there is no record that the trial court did so expressly." *Iqbal v. Fed. Nat'l Mort. Ass'n*, No. 03-15-00667-CV, 2017 WL 2856737, at *3 (Tex. App.—Austin June 29, 2017, pet. denied) (mem. op.). A trial court "may take judicial notice of the existence of pleadings and other documents that have been filed in a case," but it "cannot take judicial notice of *the truth* of allegations in those documents unless they have been admitted into evidence" at trial. *Gildon v. ARVM 5, LLC*, No. 02-19-00363-CV, 2020 WL 5666553, at *8 (Tex. App.—Fort Worth Sept. 24, 2020, no pet.) (mem. op.)

12

(emphasis added); *B.L.M. v. J.H.M.*, No. 03-14-00050-CV, 2014 WL 3562559, at *11 (Tex. App.—Austin July 17, 2014, pet. denied) (mem. op.).

Texas Rule of Evidence 201 provides an exception. It allows a trial court to judicially notice "adjudicative facts" if they are "not subject to reasonable dispute" because they are (1) "generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." TEX. R. EVID. 201(b). Courts have held that "notarized, recorded, and certified deed" records meet the requirements of Rule 201. *See Iqbal*, 2017 WL 2856737, at *3.

Here, the deed of trust reflects that it is notarized, certified, and recorded in the county clerk's office. *See* TEX. R. EVID. 201(b); *Iqbal*, 2017 WL 2856737, at *3. Therefore, the trial court could take judicial notice of the deed of trust and the adjudicative facts it contains. *See Alsobrook v. MTGLQ Inv'rs, LP*, 657 S.W.3d 327, 330 (Tex. App.—Dallas 2021), *aff'd as modified*, 656 S.W.3d 394 (Tex. 2022); *Iqbal*, 2017 WL 2856737, at *3 (concluding that trial court properly took judicial notice under Rule 201 of deed of trust contained in court's file).

The parties dispute the sufficiency of the property description in the deed of trust. The sufficiency of a legal description contained in an instrument transferring a property interest is a question of law. *Wiggins v. Cade*, 313 S.W.3d 468, 472 (Tex. App.—Tyler 2010, pet. denied). "The well-settled rule to test the sufficiency of a

13

description in a deed is that 'the writing must furnish within itself or by reference to some other existing writing, the means or data by which the land to be conveyed may be identified with reasonable certainty.'" *Reiland v. Patrick Thomas Props., Inc.*, 213 S.W.3d 431, 436 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (quoting *Morrow v. Shotwell*, 477 S.W.2d 538, 539 (Tex. 1972)).

Here, the deed of trust contains a property description that references the county clerk's file numbers of seven tracts of land that comprise the property. At the injunction hearing, *Riverstone* offered, and the trial court admitted into evidence, the deeds to the seven tracts. Each deed reflects that it is notarized, certified, and recorded. *See* TEX. R. EVID. 201(b); *Iqbal*, 2017 WL 2856737, at *3. And each contains a metes and bounds description of the tract that it governs.

Taken together, the deed of trust and referenced deeds constitute evidence from which the trial court could have reasonably concluded that the property could be identified with reasonable certainty. *See Reiland*, 213 S.W.3d at 436 (deed "must furnish within itself, or by reference to some other existing writing, the means or data by which the land to be conveyed may be identified with reasonable certainty"). Therefore, the record contains evidence supporting the trial court's declaration that the deed of trust is valid and enforceable. *See Bradford*, 48 S.W.3d at 754 (evidence that furnishes some reasonable basis for differing conclusions by reasonable minds about existence of vital fact constitutes more than a scintilla).

14

However, the note and guaranty—which are not recorded, not "generally known within the trial court's territorial jurisdiction," and cannot "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"—do not qualify for judicial notice of adjudicative facts under Rule 201. *See* TEX. R. EVID. 201(b). Therefore, the trial court could not simply take judicial notice of the truth of the facts they contain. *See Gildon*, 2020 WL 5666553, at *8.

## 2. *Foreclosure and Damages*

Prosperity argues, with respect to the trial court's declaration that it is entitled to foreclose on Riverstone's property and the award of $1,816,848.20 in damages, that the trial court could have taken judicial notice of the parties' reinstatement agreement showing "the amount due on the note . . . as of April 28, 2019" and a default notice sent to Riverstone in January 2020.

Not only are these documents not evidence of a default at the time of trial, but the trial court could not take judicial notice of the truth of the factual assertions in these documents because they were not admitted into evidence at trial. *See id.*; *Guyton v. Monteau*, 332 S.W.3d 687, 693 (Tex. App.—Houston [14th Dist.] 2011, no pet.) ("When evidence is the subject of improper judicial notice, it amounts to no evidence.").

Prosperity further argues that its "representative testified to [Riverstone's] default" at the temporary-injunction hearing and that the trial court could have taken judicial notice of proceedings "conducted in its presence."

"In order for testimony from a prior hearing or trial to be considered in a subsequent proceeding, the transcript of that testimony must be properly authenticated and admitted into evidence" at the subsequent trial. *Gildon*, 2020 WL 5666553, at *8; *Guyton*, 332 S.W.3d at 693 (It is "inappropriate for a trial [court] to take judicial notice of testimony even in a retrial of the same case"). There was no transcript of the temporary-injunction hearing introduced into evidence at trial. Therefore, we do not consider that testimony in our review.

We hold that the evidence is legally sufficient to support the portion of the trial court's judgment declaring the deed of trust valid and enforceable. We further hold that the evidence is legally insufficient to support the portions of the trial court's judgment declaring the note and guaranty valid and enforceable, declaring that Prosperity is entitled to foreclose on Riverstone's property, and awarding it $1,816,848.20 in damages, along with the interest.[3]

We sustain Riverstone's fourth issue in part and sustain its fifth issue.

---

[3] Accordingly, we do not reach Riverstone's eighth issue, in which it argues that it was entitled to an offset against the damages awarded. *See* TEX. R. APP. P. 47.1.

**B.** *Pleadings*

In its third issue, Riverstone contends that the trial court erred in rendering judgment for Prosperity and awarding it damages, "notwithstanding the complete absence of any pleading or claim [by Prosperity] for affirmative relief."

Texas Rule of Civil Procedure 301 provides:

> The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity. . . . Judgment may, in a proper case, be given for or against one or more of several plaintiffs, and for or against one or more of several defendants or intervenors.

TEX. R. CIV. P. 301.

We review de novo the question whether the trial court complied with Texas Rule 301. *R3Build Constr. Servs., LLC v. Drayden*, No. 01-20-00144-CV, 2022 WL 3452436, at *10 (Tex. App.—Houston [1st Dist.] Aug. 18, 2022, no pet.) (mem. op.). Absent trial by consent, a party "may not be granted relief in the absence of pleadings to support such relief." *Salomon v. Lesay*, 369 S.W.3d 540, 553 (Tex. App.—Houston [1st Dist.] 2012, no pet.). A judgment that grants more relief than a party requested in the pleadings is "erroneous" and must be set aside. *Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 813–14 (Tex. 1983); *Moran v. Williamson*, 498 S.W.3d 85, 93 (Tex. App.—Houston [1st Dist.] 2016, pet. denied).

"In determining whether the judgment conform[s] to the pleadings, an appellate court should view the pleadings as a whole." *Khalaf v. Williams*, 814

S.W.2d 854, 858 (Tex. App.—Houston [1st Dist.] 1991, no writ). A trial court is "not constrained to enter judgment only in a form specified by one of the parties because, in addition to conforming to the pleadings, the judgment must also reflect a correct application of the law." *Salomon*, 369 S.W.3d at 553–54.

Here, we need only address whether the trial court's declaration with respect to the validity of the deed of trust conforms with the pleadings—having concluded above that there was no evidence presented with respect to the trial court's other declarations and award of damages to Prosperity.

The record shows that Prosperity did not assert any counterclaims against Riverstone. Prosperity filed an answer generally denying the allegations. It also raised various affirmative defenses, arguing that each barred Riverstone from recovering on its claims. Prosperity asked the trial court to "dismiss this action against" it, order that Riverstone take nothing on it claims, and award Prosperity attorney's fees.

However, *Riverstone*, in its amended petition, "request[ed] adjudication of its rights and [Prosperity's] rights to foreclose [on Riverstone's] property *with regard to the validity of the deed of trust*." (Emphasis added.) And it asked the trial court to declare "that the property description contained in the Deed of Trust is deficient and that [Prosperity's] attempts to cure such deficiencies" did not conform with Property Code sections 5.028 and 5.029 and "therefore the Deed of Trust is invalid."

18

Viewing the pleadings as a whole, we conclude that the trial court's declaration regarding the validity of the deed of trust conforms to the allegations presented—a dispute about the validity of the deed of trust. *See Salomon*, 369 S.W.3d at 554; *Khalaf*, 814 S.W.2d at 858. The trial court was not constrained to enter judgment in the form specified by Riverstone. *See Salomon*, 369 S.W.3d at 553–54 (in addition to conforming to pleadings, judgment must also reflect correct application of the law).

We conclude that the trial court's declaration regarding the validity of the deed of trust is supported by the pleadings. *See* TEX. R. CIV. P. 301.

We overrule Riverstone's third issue.

## Take-Nothing Judgment Against Riverstone

### A. *Exclusion of Testimony*

In its second issue, Riverstone contends that the trial court erred by excluding Chaudhary's testimony for failing to appear for the sole noticed deposition by Prosperity and without first considering lesser sanctions. Riverstone asserts that the trial court's order, which it issued on the first day of trial, constitutes a death-penalty sanction because it precluded Riverstone from presenting the merits of its case.

#### 1. *Standard of Review and Legal Principles*

We review a trial court's imposition of sanctions under an abuse of discretion standard. *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004). A trial court abuses

its discretion if it acts arbitrarily or unreasonably, or without reference to guiding rules or principles. *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998).

Texas Rule of Civil Procedure 215 provides that a trial court may impose sanctions against a party for failing to comply with proper discovery requests, failing to obey discovery orders, or otherwise abusing the discovery process. *See* TEX. R. CIV. P. 215.3; *In re Carnival Corp.*, 193 S.W.3d 229, 234 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding). Sanctions may include, as here, prohibiting a party from introducing testimony to support its claims. *See* TEX. R. CIV. P. 215.2(b).

A sanction imposed under rules 215.2 and 215.3 must be "just." *See* TEX. R. CIV. P. 215.2, 215.3; *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991). In evaluating whether sanctions are just, we consider (1) whether a direct relationship exists between the offensive conduct and the sanction imposed and (2) whether the sanction ordered is excessive. *TransAmerican*, 811 S.W.2d at 917; *see also Spohn Hosp. v. Mayer*, 104 S.W.3d 878, 882 (Tex. 2003).

Under the first *TransAmerican* prong, a direct relationship exists between the offensive conduct and the sanction imposed if the sanction is directed against the abuse and toward remedying the prejudice caused to the party harmed by the conduct. 811 S.W.2d at 917; *see also Spohn Hosp.*, 104 S.W.3d at 882. The sanction "should be visited upon the offender," that is, "[t]he trial court must at least attempt

20

to determine whether the offensive conduct is attributable to counsel only, or to the party only, or to both." *TransAmerican*, 811 S.W.2d at 917.

Under the second *TransAmerican* prong, the sanction imposed "should be no more severe than necessary to satisfy its legitimate purposes," such as assuring compliance with discovery. *Id.*; *see also Cire*, 134 S.W.3d at 839. Sanctions so severe as to have the effect of adjudicating the claim or precluding a decision on the merits of the case constitute "death-penalty sanctions." *GTE Commc'ns Sys. Corp. v. Tanner*, 856 S.W.2d 725, 732 (Tex. 1993). Such sanctions include those that exclude essential evidence. *Braden v. Downey*, 811 S.W.2d 922, 929 (Tex. 1991). Death-penalty sanctions are harsh and should not be assessed absent a party's flagrant bad faith or counsel's callous disregard for the responsibilities of discovery under the rules. *TransAmerican*, 811 S.W.2d at 917–18.

Generally, before imposing a death-penalty sanction, a trial court must consider the availability of less stringent sanctions and whether such lesser sanctions would fully promote compliance. *Spohn Hosp.*, 104 S.W.3d at 882. "[T]he trial court need not test the effectiveness of each available lesser sanction" by actually imposing it but "must analyze the available sanctions and offer a reasoned explanation as to the appropriateness of the sanction imposed." *Cire*, 134 S.W.3d at 840. "The absence of an explanation of how a trial court determined to impose an especially severe sanction is inadequate." *Citibank, N.A. v. Estes*, 385 S.W.3d 671,

21

676 (Tex. App.—Houston [14th Dist.] 2012, no pet.). A conclusory explanation is likewise insufficient. *See In re First Transit Inc.*, 499 S.W.3d 584, 592 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (internal quotations omitted).

Death-penalty sanctions may be imposed as an *initial* sanction only in the most egregious and exceptional cases—such that the party's hindrance of the discovery process justifies a presumption that its claims or defenses lack merit. *Cire*, 134 S.W.3d at 841; *see Braden*, 811 S.W.2d at 929 (holding severe sanctions may be necessary to prevent abusive party from thwarting administration of justice by concealing merits of case). However, because such sanctions inhibit or terminate the presentation of the merits of a party's claim, they are further limited by constitutional due process. *TransAmerican*, 811 S.W.2d at 917–18.

Only the most egregious circumstances, such as the destruction of evidence, justifies the conclusion that no lesser sanctions would fully promote compliance with the discovery rules. *Cire*, 134 S.W.3d at 841–42. "Thus, a trial court either must impose lesser sanctions first or must clearly explain on the record why the case is an exceptional case where it is fully apparent that no lesser sanctions could promote compliance." *In re First Transit Inc.*, 499 S.W.3d at 592 (internal quotations omitted).

22

## 2.     *Discussion*

Riverstone filed this lawsuit on May 29, 2020, the trial court ordered all discovery completed by August 20, 2021, and trial was set for September 21, 2021.

Fifteen months after this lawsuit was filed, Prosperity first contacted Riverstone about scheduling Chaudhary's deposition.  On August 13, 2021, seven days before the discovery period closed, Prosperity served Riverstone with its first notice of intent to take Chaudhary's deposition.  The notice set the deposition for August 20, 2021—the final day of the discovery period.

On August 17, 2021, Riverstone filed a motion to quash Chaudhary's deposition.  Riverstone objected that the date and time were not agreed upon and that Chaudhary had a conflict.  Because Riverstone filed its motion to quash the notice of Chaudhary's deposition within three business days after the service of the notice, the deposition was automatically stayed pending a ruling by the trial court. *See* TEX. R. CIV. P. 199.4.[4]

---

[4]     "A party or witness may object to the time and place designated for an oral deposition by . . . motion to quash the notice of deposition.  If the motion is filed by the third business day after service of the notice of deposition, an objection to the time and place of a deposition stays the oral deposition until the motion can be determined." TEX. R. CIV. P. 199.4; *see In re Hartford Cas. Ins. Co.*, No. 01-22-00926-CV, 2023 WL 4565997, at *2 (Tex. App.—Houston [1st Dist.] July 18, 2023, orig. proceeding) (mem. op.); *Tri-Stem, Ltd. v. City of Hous.*, 566 S.W.3d 789, 799 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).

On August 23, Prosperity sent a letter to Riverstone stating that it would "proceed with setting . . . the motion to quash for hearing." There is no indication in the record before us that a hearing was set and no ruling on the motion.

At that point, the discovery period had closed. "An oral deposition may be taken outside the discovery period only by agreement of the parties or with leave of court." TEX. R. CIV. P. 199.2. There is not an agreement of the parties or a request for leave of court in the record before us.

On September 14, 2021, Prosperity filed a motion to compel discovery, but there is not a ruling on the motion in our record.

At 6:24 p.m. on September 20, 2021, the eve of trial, Prosperity filed a motion to exclude all testimony by Chaudhary as to Riverstone's claims for failing to appear for the single deposition scheduled.

On the morning of trial, the trial court orally ruled that Chaudhary would not be allowed to testify because he failed to appear for the deposition, as follows:

> This is painful for me. I'm not a person that hands out sanctions willy-nilly. I just don't think that's what we are about. But occasionally those circumstances arise where I have to. I feel like it is incumbent on me as the gatekeeper to do what is appropriate to the circumstance, and this circumstance is not looking good.
>
> *I'm not faulting you, Counsel*. I'm saying your client—and your client is a lawyer for goodness sake. It makes it all the worse. We all as lawyers and officers of the court realize our duties, responsibilities, and repercussions.
>
> Well, I'm going to grant the request that your client not be allowed to testify under the circumstances of him not making himself available for

the deposition and not taking steps to expand that period of time so that he could make himself available for deposition.

(Emphasis added.) The final judgment makes no mention of the trial court having excluded Chaudhary's testimony as a sanction or that any sanction was imposed.[5]

In evaluating whether the trial court's sanction was just, we consider (1) whether a direct relationship exists between the offensive conduct and the sanction imposed and (2) whether the sanction ordered is excessive. *TransAmerican*, 811 S.W.2d at 917; *see also Spohn Hosp.*, 104 S.W.3d at 882.

With respect to the first prong, the record must establish a nexus between the misconduct, the offender, and the sanction. *TransAmerican*, 811 S.W.2d at 917. That is, it must demonstrate that the sanction was directed against the abuse, imposed on the offender, and aimed at remedying the harm caused the innocent party. *Id.*

The record shows, as emphasized above—*I'm not faulting you, Counsel.*— that the trial court found Riverstone, and not its counsel, responsible for not attending the deposition. *See Spohn Hosp.*, 104 S.W.3d at 882–83. We conclude

---

[5] Prosperity argues that "to the extent [this] Court construes the judgment or any part of it as an order of contempt, that part would not be appealable." "Well-settled law compels that we presume that proceedings in the trial court, as well as its judgment, are regular and correct." *S. Ins. Co. v. Brewster*, 249 S.W.3d 6, 13 (Tex. App.— Houston [1st Dist.] 2007, pet. denied). An oral contempt order is not enforceable unless it is reduced to a written judgment. *Ex parte Calvillo Amaya*, 748 S.W.2d 224, 224–25 (Tex. 1988). There is not a written order or judgment of contempt in the record before us. Therefore, we construe the trial court's oral exclusion of Chaudhary's testimony as a ruling on Prosperity's motion to exclude such testimony and not as a ruling on its motion for contempt for failing to comply with the terms of the temporary-injunction order.

25

that striking the testimony of Chaudhary, who is Riverstone's sole principal and sole witness, is at least related to his failure to appear for deposition, generally directed at the alleged abuse, and aimed at remedying that harm. *See TransAmerican*, 811 S.W.2d at 917.

Under the second prong of the *TransAmerican* analysis, we consider whether that sanction was excessive. *See id.* Sanctions "should be no more severe than necessary to satisfy its legitimate purposes," such as assuring compliance with discovery, and the *TransAmerican* analysis "mandates that the trial court consider less stringent measures before settling on severe sanctions." *Cire*, 134 S.W.3d at 839; *Spohn Hosp.*, 104 S.W.3d at 883.

Riverstone argues that the trial court abused its discretion in imposing a merits-preclusive sanction based on a single deposition request scheduled for the last day of the discovery period, that was properly quashed, and without any further action until the day of trial or first imposing lesser sanctions.

In *TransAmerican*, the trial court imposed merits-preclusive sanctions against the plaintiff after its president failed to present himself for a deposition. 811 S.W.2d at 915–16. The supreme court concluded that "[n]othing in the record before [it] even approache[d] justification for so severe a sanction." *Id.* at 918–19. There, with 30 days remaining in the discovery period, the parties were unable to agree upon a date for the deposition. *See id.* at 915. The plaintiff attributed its failure to produce

its president to miscommunications concerning schedule changes. *Id.* The defendant alleged that his failure to appear was purposeful and part of the plaintiff's intentional obstruction of the discovery process. *Id.* After each sought sanctions, the trial court signed an order striking the plaintiff's pleadings. *Id.* at 915–16.

The supreme court concluded in *TransAmerican* that nothing in the record indicated that the trial court had considered the imposition of lesser sanctions or that such sanctions would not have been effective. *Id.* at 918. If anything, the record "strongly suggest[ed] that lesser sanctions should have been utilized and perhaps would have been effective." *Id.* The court noted that the trial court could have ordered the president's deposition for a specific date and punished any failure to comply by contempt or another sanction. *Id.* Further, the trial court could have taxed the costs of the deposition and assessed attorney's fees against the plaintiff. *Id.* ("The range of sanctions available to the district court under Rule 215 is quite broad."). And, based on its sanction striking the plaintiff's pleadings, the trial court dismissed the plaintiff's claims and granted a default judgment on the defendant's counterclaim. *Id.* at 916.

Similarly here, the parties were unable to agree upon a date for deposition. Riverstone attributed its failure to produce Chaudhary for the deposition to conflicts. Prosperity alleged that his failure to appear was purposeful and part of Riverstone's intentional obstruction of the discovery process. Riverstone timely filed a motion to

27

quash, which automatically stayed the deposition. But, thereafter, during the month that elapsed between the deposition date and trial, Prosperity took no action in the trial court—other than to file a motion to compel that apparently was not heard—until the night before trial commenced, when it sought to exclude Chaudhary's testimony altogether. And the sanction imposed terminated the presentation of the merits of Riverstone's claim and resulted in a take-nothing judgment for Riverstone and judgment for Prosperity.

The record before us does not reflect that the trial court attempted lesser sanctions and does not contain an explanation of the consideration or effectiveness of such sanctions. *See Cire*, 134 S.W.3d at 840–41; *Spohn Hosp.*, 104 S.W.3d at 883 (holding that record should contain some explanation of appropriateness of sanctions imposed and that record was silent regarding consideration and effectiveness of less stringent sanctions). The trial court could have ordered Chaudhary's deposition for a specific date and punished any failure to comply with that order by contempt or another sanction, and it could have taxed the costs of the deposition against Riverstone. *See TransAmerican*, 811 S.W.2d at 918 ("The range of sanctions available to the district court under Rule 215 is quite broad."); *see also* TEX. R. CIV. P. 215.2(a).

A trial court may order death penalty sanctions without first testing lesser sanctions in particularly egregious cases, but no evidence demonstrates that this is

28

such a case. *See Gunn v. Fuqua*, 397 S.W.3d 358, 375 (Tex. App.—Dallas 2013, pet. denied) (holding sanctions excessive despite evidence of counsel's dilatoriness); *cf. Cire*, 134 S.W.3d at 838, 840–41 (upholding death penalty sanction after single lesser sanction after party disregarded four orders to produce certain evidence, used forged documents to gain advantage, and deliberately destroyed evidence).

Discovery sanctions may not "adjudicate the merits of a party's claims or defenses unless a party's hindrance of the discovery process justifies a presumption that the party's claims or defenses lack merit" or "absent a party's flagrant bad faith or counsel's callous disregard for the responsibilities of discovery under the rules." *TransAmerican*, 811 S.W.2d at 918; *see, e.g.*, *Daniel v. Kelley Oil Corp.*, 981 S.W.2d 230, 234–35 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) (upholding discovery sanction for fabricating evidence). We conclude that the record here does not warrant such a presumption. *See TransAmerican*, 811 S.W.2d at 917–18; *see, e.g.*, *Altesse Healthcare Sols., Inc. v. Wilson*, 540 S.W.3d 570, 576 (Tex. 2018) ("[N]othing about Altesse's conduct—violative of [trial court's injunctive order] though it may have been—supports a presumption that its claims . . . lack merit.").

Because the trial court's order does not comply with the procedural and substantive requirements for imposing such sanctions, we hold that the trial court erred in excluding the testimony of Chaudhary, Riverstone's sole remaining witness at the time of trial.

We further conclude that the trial court's error was harmful. *See* TEX. R. APP. P. 44.1; *Spohn Hosp.*, 104 S.W.3d at 883. By excluding the testimony of its sole witness, the trial court precluded Riverstone's ability to present the merits of its claims and then rendered a take-nothing judgment against it. Thus, the exclusion of Chaudhary's testimony was outcome-determinative and harmful.

We sustain Riverstone's second issue.[6]

## Attorney's Fees

In its sixth issue, Riverstone contends that the trial court erred in awarding attorney's fees to Prosperity.

Prosperity moved for attorney's fees under (1) the loan documents, (2) Texas Civil Practice and Remedies Code chapter 37 (Declaratory Judgments Act); (3) Texas Finance Code section 392.403(c); (4) Texas Business and Commerce Code section 17.50 (Texas Deceptive Trade Practices Act); and (5) Texas Rules of Civil Procedure 13 and 215 (sanctions).

---

[6] In its first issue, Riverstone contends that the trial court erred in denying its amended motion to continue the trial. Because we hold that the trial court erred in excluding any testimony by Chaudhary, we do not reach whether the trial court erred in later refusing to continue the trial so that Chaudhary could be there to testify. *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal").

In its judgment, the trial court awarded Prosperity attorney's fees in the amount of $264,450.74 and conditional attorney's fees for appeal. It did not state its basis for the award.

As discussed above, we have reversed the trial court's judgment in favor of Prosperity and against Riverstone. And a portion of the case must be remanded for further proceedings. Because an award of attorney's fees depends on matters (e.g., who prevails, what is equitable and just) to which the disposition on remand may be relevant, we decline to reach Riverstone's arguments concerning attorney's fees and instead give the trial court an opportunity to reconsider the fee award upon remand. *See City of Pasadena v. Gennedy*, 125 S.W.3d 687, 701 (Tex. App.—Houston [1st Dist.] 2003, pet. denied).

## Summary Judgment

In its seventh issue, Riverstone contends that the trial court erred in denying its motion for partial summary judgment regarding the adequacy of the property description in the deed of trust.

It is axiomatic that "a party may not, after trial and an unfavorable judgment, prevail on a complaint that the party's motion for summary judgment should have been granted." *Hernandez v. Ebrom*, 289 S.W.3d 316, 321 (Tex. 2009); *Tricon Tool & Supply, Inc. v. Thumann*, 226 S.W.3d 494, 509 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).

Because the trial court conducted a trial and entered a judgment on the same issue raised in the summary-judgment motion, its denial of Riverstone's motion for summary judgment is not reviewable on appeal. *See Hernandez*, 289 S.W.3d at 321; *Tricon Tool & Supply, Inc.*, 226 S.W.3d at 509.

## Conclusion

For the reasons set forth above, we reverse the portions of the trial court's judgment declaring the note and guaranty "valid and enforceable," declaring that Prosperity is entitled to foreclose on Riverstone's property, and awarding Prosperity $1,816,848.20 in damages and interest. We render judgment vacating these portions. We further reverse the portions of the trial court's judgment ordering that Riverstone take nothing on its claims and remand the case to the trial court for further proceedings consistent with this opinion, including a consideration of attorney's fees. We affirm the trial court's judgment in all other respects.

Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Hightower and Countiss.